# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JUAN CARLOS VASQUEZ,

    Petitioner,

-vs-                                        Case No. 8:04-cv-2051-T-27TGW

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 sentence imposed by the Twelfth Judicial Circuit Court, Sarasota County, Florida, on charges resulting from a 1997 alcohol-related traffic accident (Dkt. 1). Respondent has filed a response to the petition (Dkt. 14), and Petitioner has filed a reply thereto (Dkt. 15). This matter is now before the Court for consideration of the merits of Petitioner's claim.

## BACKGROUND

On December 16, 1996, Petitioner was charged by information with driving under the influence/manslaughter, Fla. Stat. § 316.193(3), vehicular homicide and failing to stop, Fla. Stat. 782.071 (1), two counts of driving under the influence with serious bodily injury, Fla. Stat. § 316.193(3), leaving the scene of an accident with personal injury or death, Fla. Stat. § 316.027, and operating a motor vehicle without a driver's license and causing serious bodily injury or death, Fla. Stat. 322.34(2)(b). Petitioner proceeded to a jury trial

represented by court-appointed counsel. He was acquitted on the charge of operating a motor vehicle without a driver's license and found guilty as charged of all remaining charges. The State withdrew the vehicular homicide charge based on the jury's finding of DUI manslaughter (Dkt. 2, App. A at R. 314).

On April 19, 1997, Vasquez was adjudicated guilty in accordance with the verdict, and the trial court imposed a guidelines sentence of 373.125 months imprisonment. The appellate court per curiam affirmed Petitioner's convictions and sentences on March 24, 1999. *See Vasquez v. State*, 731 So.2d 669 (Fla. 2d DCA 1999) (table decision).

On March 2, 2000, Petitioner filed a *pro se* motion to correct his sentence under Fla. R. Crim. P. 3.800(a) seeking relief based on the February 17, 2000 decision by the Florida Supreme Court in *Heggs v. State*, 759 So.2d 620 (Fla. 2000) (invalidating act containing 1995 sentencing guidelines and certain provisions related to gain time because it violated the single subject rule). The application was granted, and on August 4, 2000, Petitioner was resentenced to serve a term of 235.6 months in prison.

Petitioner filed another *pro se* Rule 3.800(a) motion on February 8, 2002. The motion was summarily denied on February 12, 2002. Petitioner appealed, and on August 7, 2002, the appellate court affirmed the trial court's decision per curiam without written decision. *See Vasquez v. State*, 829 So.2d 222 (Fla. 2d DCA 2002) (table decision). The mandate issued October 23, 2002.

Not dissuaded, Petitioner filed a *pro se* motion for post-conviction relief on April 13, 2002, under Fla. R. Crim. P. 3.850, attacking his resentencing judgment. On April 23, 2002, the trial court denied the Rule 3.850 motion without an evidentiary hearing. Petitioner appealed, and on November 6, 2002, the appellate court affirmed the trial

court's decision per curiam without written decision. See Vasquez v. State, 834 So.2d 172 (Fla. 2d DCA 2002) (table decision). The mandate issued December 11, 2002.

On October 1, 2002, Petitioner filed a pro se motion to modify, reduce, or correct his sentence under Rule 3.800(a) asserting that the State made a mistake on the guidelines scoresheet used during the 2000 resentencing by placing the "leaving the scene of an accident" count in the wrong level of offense category (Dkt. 2, App. A at R. 308). The State filed a response agreeing to a sentence correction.

On December 5, 2002, Petitioner was resentenced to serve a term of 200 months in prison. Petitioner appealed his second resentencing judgment, and his court-appointed appellate counsel filed an amended initial Anders[1] brief. Petitioner filed a pro se appellate brief, and on October 10, 2003, the appellate court affirmed the trial court's decision per curiam without written decision. See Vasquez v. State, 865 So.2d 502 (Fla. 2d DCA 2003) (table decision). The mandate issued November 4, 2003.

Petitioner filed the instant petition on September 1, 2004 (Dkt. 1). Petitioner raises one ground for relief:

> The Petitioner contends that his two-hundred (200) months sentence imposed on December 6, 2002, violated his Sixth Amendment right to trial by jury and due process of law guaranteed by the Fourteenth Amendment of the U.S. constitution. The Petitioner asserts that the maximum sentence that the trial court could have imposed is (186.7) months incarceration; hence any enhancement outside this recommended range is a variation sentence that exceeds the penalty for the top level offense (i.e., a second degree felony - punishable by fifteen years same as one-hundred and eighty months incarceration).

---

[1] An Anders brief is filed by a court-appointed defense attorney who wants to withdraw from the case on appeal based on a belief that the appeal is frivolous. In an Anders brief, the attorney seeking to withdraw must identify anything in the record that might arguably support the appeal. The court then decides whether the appeal is frivolous and whether the attorney should be permitted to withdraw. Anders v. California, 386 U.S. 738, 744 (1967).

Dkt. 1 at 5-5A. Respondent asserts, *inter alia*, that Petitioner fails to state a cognizable claim under § 2254. Having reviewed the record and considered the arguments raised by the parties, applicable statutes, and controlling case law, the Court agrees.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), signed into law on April 24, 1996, amended the statutes governing federal habeas relief for state prisoners. Because Petitioner filed his petition after April 24, 1996, the AEDPA provisions are applicable to the petition. *See Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Pursuant to 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court <u>only</u> on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Applying this standard to Petitioner's claims, the Court finds that he has not demonstrated that he is entitled to federal habeas relief.

## Discussion

Petitioner asserts his second resentencing to a term of 200 months imprisonment violated his Sixth Amendment right to a jury trial. Petitioner does not dispute that the state court could impose a sentence over the statutory maximum penalty under the applicable guidelines. However, Petitioner claims the maximum sentence the state court could have imposed was 186.7 months, the median point of the applicable sentencing guidelines.

According to Petitioner's reasoning, the Florida court was precluded from utilizing the state's sentencing guidelines provision for an increase of 25% beyond the median point.[2]

Because Petitioner is seeking federal habeas relief, the initial inquiry must focus on whether the petition makes a threshold showing of a claim cognizable under § 2254. As stated *supra*, a federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a).

Petitioner raises sentencing issues which are not cognizable in a federal habeas corpus action. It is well-settled that a petition grounded on issues of state law provides no basis for habeas relief. *See Estelle v. McGuire* 502 U.S. 62, 67-68 (1991); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (stating that "a habeas petition grounded on issues of state law provides no basis for habeas relief. . . . In the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures" (citations omitted)). *See also McCoy v. Newsome*, 953 F.2d 1252, 1264 (11th Cir. 1992); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). The Eleventh Circuit has emphasized that "mere errors of state law are not the concern of [a federal] [c]ourt unless they rise for some other reason to the level of a denial

---

[2]Under the Florida sentencing guidelines, "[i]f the total sentence points are greater than 52, the sentence must be a state prison sentence calculated by total sentence points. A state prison sentence is calculated as follows: State prison months = total sentence points minus 28. . . . The recommended sentence length in state prison months may be increased by up to, and including, 25 percent or decreased by up to, and including, 25 percent, at the discretion of the court. The recommended sentence length may not be increased if the total sentence points have been increased for that offense by up to, and including, 15 percent. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by § 775.082, the sentence recommended under the guidelines must be imposed absent a departure." Fla. Stat. 921.0014(2). Petitioner's state prison months totaled 186.7 (Dkt. 11, Ex. 01, Vol. II at R. 275-76). After adjustment, his sentencing range was 140.025 to 233.375 months. *Id.* Petitioner was sentenced to a term of 200 months on each count, with the sentences to run concurrently. *Id.* at R. 301.

of rights protected by the United States Constitution." *Harmon v. Barton*, 894 F.2d at 1276 (11th Cir. 1989) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 (1989)). Because Petitioner is challenging the trial court's application of state sentencing laws, so long as his sentence is within the limits set by the legislature as punishment for his crime, in the absence of some other offending conduct, he cannot demonstrate a cognizable claim for federal habeas relief. Under Florida law, driving under the influence/ manslaughter is a second degree felony, *see* Fla. Stat. § 316.193(3). The statutory maximum sentence for a second degree felony is 15 years. *See* Fla. Stat. § 775.082(3)(c) (1995). Petitioner's guidelines sentence range was from 140.025 months to 233.375 months. Petitioner was sentenced to a term of 200 months. This sentence is within the constraints set by the Florida legislature in the sentencing guidelines. *See* Fla. Stat. § 921.0014(2) (1995). Thus, Petitioner's claim is not cognizable under the federal habeas statute. *See* 28 U.S.C. § 2254.

State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. *See McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir. 1992), *cert. denied*, 507 U.S. 975 (1993); *Branan*, 861 F.2d at 1508. Petitioner acknowledges that his interpretation of the sentencing guidelines has been rejected by the Florida Supreme Court:

> The Petitioner could see no point in seeking any further assistance in the state courts, when the highest court in the State of Florida, in two previous occasions, has disregarded the 25% percent [sic] enhancement as an excessive punishment, *Mays v. State*, 717 So.2d 515 (Fla. 1998); subsequently, *State v. O'Neal*, 724 So.2d 1187 (Fla. 1999). To such an extent, the merits of the petition should be reached. At this point, the Petitioner cannot be condemned when the state courts had deliberately declined to address the Petitioner's claim.

Dkt. 15 at 4. In addressing a challenge to the application of Florida's sentencing guidelines, the Florida Supreme Court explained that:

> Under this procedure, a sentencing court must: (1) determine the median recommended sentence, i.e., total sentence points minus 28; (2) establish the discretionary range, i.e., 25 percent increase and decrease from the median recommended sentence; and (3) select the actual sentence – i.e., the "true" recommended guidelines sentence -- from within the range, absent a departure.
>
> The interplay between the sentencing guidelines and the statutory maximums is simple. Prior to 1994, a court could not impose a guidelines sentence outside the statutory limits. The legislature, however, amended the guidelines, effective January 1, 1994, to provide that only departure sentences cannot exceed the statutory maximums. The guidelines currently provide:
>
>> Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure.
>
> § 921.001(5), Fla. Stat. (1995). [FN4] Thus, under the current system, if the guidelines sentence – i.e., the "true" recommended guidelines sentence -- exceeds the statutory maximum, the guidelines sentence must be imposed.
>
> FN4. See also § 921.0014(2), Fla. Stat. (1995) ("If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence recommended under the guidelines must be imposed absent a departure.").

Mays v. State, 717 So.2d 515, 515-516 (Fla. 1998) (footnotes omitted). See also O'Neal v. State, 707 So.2d 1187 (Fla. 1999) (quashing district court's decision in conflict with the holding in Mays that "if the 'true' recommended guidelines sentence exceeds the statutory maximum, the guidelines sentence must be imposed").

"[O]ne could argue without fear of contradiction by any decision of [the United States Supreme] Court that for crimes concededly classified and classifiable as felonies,

. . . the length of the sentence actually imposed is purely a matter of legislative prerogative." *Hutto v. Davis*, 454 U.S. 370, 372-73 (1982) (rejecting circuit court's "intrusion into the basic line-drawing process that is 'properly within the province of legislatures, not courts.'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 275-76 (1980)).

The Court finds that Petitioner has not demonstrated a claim which rises "to the level of a denial of rights protected by the United States Constitution." *Harmon v. Barton*, 894 F.2d 1268, 1276 (11th Cir. 1990) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 (1989)). The Court has examined the arguments presented in the petition and Petitioner's reply to Respondent's response and finds that his assertions that he is entitled to federal habeas relief lack merit.[3] Petitioner's allegations of due process and equal protection violations do not warrant allowing this matter to proceed. *See Branan*, 861 F.2d at 1508 (limitation on federal review of state law issues are of equal force to a petition that "is couched in terms of equal protection and due process.").

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief. Respondent has filed a motion for summary judgment (Dkt. 14), and Petitioner has filed a response in opposition thereto. Given the Court's findings that Petitioner has not presented a cognizable § 2254 claim, the

---

[3]To the extent that Petitioner asserts that he should be allowed to proceed under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), there was no *Apprendi* argument in Petitioner's Rule 3.800(a) motion or otherwise presented to the trial court. A copy of the *Apprendi* decision was filed for the record the day Petitioner appeared for resentencing, but trial counsel informed the trial court that while Petitioner originally intended to present an *Apprendi* claim, the record did not support doing so. Thus, to the extent that filing the *Apprendi* decision for the record in state court may be construed as asserting a claim based on the holding in that case, said claim was abandoned during the resentencing hearing. *See* Dkt. 11, Ex. 1, Vol. II at R. at 314.

disposition of this case does not require further discussion of other issues raised in Respondent's summary judgment motion.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on September 25th, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies furnished to:
All Parties/Counsel of Record
SA:jsh